DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

CYNTHIA HULSE-GIBSON,

Appellant,

v.

CHARLIE HULSE,

Appellee.

No. 2D2025-1144

————————————————

July 8, 2026

Appeal from the Circuit Court for Hillsborough County; Matthew L. Felix,
Acting Circuit Judge.

Cynthia Hulse-Gibson, pro se.

Damien McKinney and Stephanie Koether of McKinney Law Firm, PA,
Tampa, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

We affirm the orders on appeal without comment. We write,
however, to caution Cynthia Hulse-Gibson about using generative AI in
any future pro se filings without verifying the accuracy of the results.
Hulse-Gibson's briefs here are replete with mismatches involving the
purported legal proposition, the case name, and the reporter citation.
*See Fletcher v. Experian Info. Sols., Inc.*, 168 F.4th 231, 233 (5th Cir.
2026) ("This problem [the misuse of generative AI] now often manifests as
false quotes or statements of law attributed to real cases, rather than the

more easily recognizable fake cases.").  Those who use generative AI to assist with legal research and brief writing must exercise special care to validate the results before signing and filing their briefs; their failure to do so exposes them to potential sanctions.  *See* Fla. R. Gen. Prac. & Jud. Admin. 2.515(d)(2) (providing that "[o]n filing, each signer represents that . . . the legal authorities identified exist and are accurately cited," and specifying a range of possible sanctions for a violation of the rule); *see also Gleason v. Marcus*, 51 Fla. L. Weekly D962 (Fla. 2d DCA May 13, 2026) ("sound[ing] the alarm" on the risks of the use of unverified AI-generated text by pro se and represented parties alike); *Gutierrez v. Gutierrez*, 399 So. 3d 1185, 1188 (Fla. 3d DCA 2024) (sanctioning pro se party for citing fictional cases in appellate briefs).

LUCAS, C.J., and KHOUZAM, J., Concur.

_____

Opinion subject to revision prior to official publication.